UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HENRY BLACKMON,                                    Case No.:   23-cv-1971

                            Plaintiff,

                                                   **COMPLAINT**

            -against-

FAMILY DOLLAR STORES
OF NEW YORK, INC., FAMILY                          **Trial By Jury Demanded**
DOLLAR, LLC, JOHN AND JANE
DOES 1-10, individually and in their
official capacities, and XYZ CORP 1-10,

                            Defendants.

-------------------------------------------------------X

       Plaintiff Henry Blackmon ("Plaintiff" or "Blackmon"), by his attorneys, the Law Offices of Rudy A. Dermesropian, LLC, complaining of defendants, Family Dollar Stores of New York, Inc. ("FD INC."), Family Dollar, LLC ("FD LLC") ("FD INC." and "FD LLC" collectively referred to as "Family Dollar"), John and Jane Does 1-10, individually and in their official capacities, and XYZ Corp. 1-10 (collectively referred to as "Defendants"), alleges as follows:

       1.    This action is brought to remedy (i) Defendants' unlawful discrimination, harassment and disparate treatment based on Plaintiff's disability and religion, (ii) Defendants' failure to provide a reasonable accommodation to Plaintiff, and (iii) retaliation for complaining about the discriminatory actions and disparate treatment he was subjected to, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law" or "NYSHRL"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq*.

## PARTIES

2.      At all relevant times herein, Plaintiff, was a disabled man employed by Family Dollar and a resident of Bronx County, New York.

3.      Plaintiff is an "employee" within the meaning of Executive law § 292(6) and ADA 42 U.S.C. § 12101, *et seq*., and a "person" within the meaning of the Administrative Code §8-102(1).

4.      Upon information and belief, Family Dollar is a domestic company, with a current location at 1315 Boston Road, Bronx, NY 10456.

5.      At all relevant times herein, Defendant Family Dollar was an "employer" within the meaning of the ADA 42 U.S.C. § 12101, *et seq*., because it had more than 15 employees, and within the meaning of Executive Law § 292(5) and the Administrative Code § 8-102(5) because it had more than four (4) persons in its employ.

6.      All of the conduct complained of occurred within the boundaries of Bronx County.

7.      Defendants John and Jane Does 1–10 are natural persons whose true names are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other Defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff set forth herein.

8.      Each John and Jane Doe Defendant is an "employee" within the meaning of Executive law § 292(6) and ADA 42 U.S.C. § 12101, *et seq*., and a "person" within the meaning of the Administrative Code §8-102(1).

9.      Defendants XYZ Corp. 1–10 are additional entities, the exact true names of which are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed

2

by or for the benefit of one or more of the other Defendants, or any combination of any or all of them.

10.    Each XYZ Corp. Defendant is an "employer" within the meaning of the ADA 42 U.S.C. § 12101, *et seq*., NYSHRL Section 292(5) and NYCHRL Section 8-102(5).

11.    In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and 42 U.S.C. § 12101, *et seq*.

13.    The unlawful employment practices were committed in Bronx County, Southern District of New York.

14.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

15.    This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).  The New York State and New York City discrimination, harassment and retaliation claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal, state and city claims form part of the same case or controversy.

16.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c)(2).

17.    All conditions precedent to filing suit have been satisfied. On July 7, 2022, Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity

Commission, New York District Office ("EEOC") [Charge No. 520-2022-06331]. On January 6, 2023 Plaintiff received a Right to Sue Notice from the EEOC. This action was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as <u>Exhibit A</u>, and hereby incorporated by reference, is a copy of Plaintiff's Notice of Right to Sue.

## FACTS

18.  Plaintiff is a disabled individual with a Type 2 diabetes, diabetic neuropathy, a heart condition, anxiety, and a disabled back due to a separation between his spinal C3 and C4 levels.

19.  In or around February 2021, Plaintiff began his employment with Family Dollar as a Greeter and was being paid $17.25 per hour.

20.  While working as a Greeter, Plaintiff's regular shift was from 8:00 a.m. to 2:30 p.m. with an unpaid 30-minute lunch break.

21.  On or about March 2, 2021, due to his good work performance, Plaintiff was promoted to Assistant Store Manager and was earning $18.50 per hour.

22.  As an Assistant Store Manager, Plaintiff regularly worked 40 hours per week before his hours were cut to 36 hours per week and subsequently reduced to 30 hours per week.

23.  As an Assistant Store Manager, Plaintiff routinely performed intense, physically demanding tasks which often required heavy lifting, stock work, and prolonged standing, all of which were not outlined in his job description.

24.  Even though Plaintiff disclosed his disabilities on his application and to the District Manager Mr. Pomponio at the start of his employment with Family Dollar, he did not require at that time any routine treatment or doctor visits and did not require any reasonable accommodation at work.

25.  However, on or around April 2021, Plaintiff's diabetic neuropathy in his back flared

up, which led him to see his doctor for reassessment of his condition.

26.   During that medical visit, Plaintiff's doctor directed him to take time off from work and medically restricted him from standing for over four hours straight and from any heavy lifting.

27.   In light of his doctor's medical orders and restrictions, on or about April 15, 2021, Plaintiff requested from Defendants a reasonable accommodation.

28.   Specifically, Plaintiff requested that he be put in a position where he does not need to engage in heavy lifting and where he could sit on an as needed basis to avoid standing for a prolonged period of time as ordered by his doctor.

29.   Defendants denied Plaintiff's request for a reasonable accommodation and did not offer him any other reasonable alternative.

30.   On or about April 17, 2021, Plaintiff sent an e-mail to Mr. Pomponio and his General Manager reiterating his request for a reasonable accommodation in compliance with his doctor's medical restrictions.

31.   Plaintiff's requests for an accommodation were simple and reasonable. For example, he requested to be able to occasionally sit in a chair so that he is not standing for longer than four hours, not to lift heavy items which was not necessary or in the job descriptions of the Assistant Store Manager, or possibly be transferred to a less busy store.

32.   None of Plaintiff's requests for reasonable accommodation was approved.

33.   Plaintiff also repeatedly reached out to Mr. Pomponio to check on the status of his request for a reasonable accommodation to not avail.

34.   On or about April 27, 2021, Plaintiff sent Defendants a second e-mail requesting to be provided with a reasonable accommodation, such as a chair, and provided Defendants with a copy of his medical report as well as a letter from his doctor.

35.   In response to his repeated requests, Mr. Pomponio responded that "everything takes time."

36.   However, no accommodations were ever made or offered to Plaintiff.

37.   Because Defendants were refusing and/or failing to provide Plaintiff with a reasonable accommodation, he sustained neurological damage and had to receive bilateral epidural shots.

38.   In early May, 2021, after further evaluation, Plaintiff's doctor provided him with a note stating that Plaintiff could not return to work until a medical procedure was completed.

39.   The medical procedure took place on May 12, 2021 and required a recovery period of two to three days.

40.   On May 13, 2021, a day after he underwent his medical procedure, the General Manager and Mr. Pomponio told Plaintiff, "We have to do what's best for the company, if you don't come back to work, you'll be fired," and provided him with a return to work date of May 19, 2021.

41.   Because of the ultimatum and significant pressure imposed by Defendants, and despite having surgery a week earlier, Plaintiff was compelled to return to work on or around May 19, 2021 as dictated by Defendants.

42.   In addition, on or about May 29, 2021, shortly after returning to work and while on his off day, Plaintiff, who lives across the street from the Family Dollar store where he worked, noticed that the store was closed at a time when it was supposed to be open. Plaintiff called Mr. Pomponio to let him know of the situation, so Mr. Pomponio asked him to open the store despite the fact that he was not working that day and was still recovering from his surgery.

43.   Plaintiff was attempting to do a good deed by notifying Mr. Pomponio that the store

was closed with no employees there, and was not planning on working and did not ask to work on his day off.

44.   In fact, Plaintiff attempted to resist Mr. Pomponio's request, stating, "I'm off. I'm not feeling well, my blood pressure is up and so is my sugar."

45.   However, with complete disregard to his health and well-being, Mr. Pomponio insisted that Plaintiff open the store and assured him that another manager would be in shortly to work that day.

46.   Feeling pressured by his supervisor and afraid to lose his job, Plaintiff opened the store despite it being his day off and despite his illness.

47.   Contrary to Mr. Pomponio's representations and promises, no other manager came to assist Plaintiff that day and Defendants left him alone in the store for the entire shift while in pain and discomfort. There was only one other employee who came in to work but left early complaining of stomach cramps.

48.   Plaintiff also called another Family Dollar employee who was scheduled to come in that day and was told that he was also not coming to work.

49.   Despite being on his day off, being sick and suffering from serious disabilities, Defendants would still not allow Plaintiff to leave the store while allowing the other employees to either leave early or take a day off from work.

50.   Unfortunately, due to his medical conditions, namely his symptomatic diabetes, and not having anyone to cover the cash register for him, Plaintiff was unable to take a break and defecated on himself while in the store, causing him severe humiliation, embarrassment, disgrace and discomfort.

51.   Plaintiff immediately called Mr. Pomponio and continued to call him multiple times.

However, Mr. Pomponio ignored Plaintiff's and refused to answer any of his calls.

52.   Therefore, Plaintiff was forced to close the store in order to go home and clean himself up.

53.   Plaintiff contacted Mr. Pomponio again while at home, informing him that he was sick and had to close the store since he was the only employee there at the time. However, Mr. Pomponio continued to ignore Plaintiff forcing him to remain at the store.

54.   The following day on May 30, 2021, Plaintiff sent a text message to Mr. Pomponio stating, "I have tried to reach you since yesterday after 1 PM, to no avail. So, my question is based upon the rumor in house, that I have been terminated as of today! Please confirm before 11 AM today, since I am scheduled for work at that time."

55.   Mr. Pomponio finally replied to Plaintiff stating, "Henry I am unavailable, you have been removed from the schedule pending HR investigation."

56.   It is obvious that the "HR investigation" is nothing more than an attempt to discriminate and retaliate against Plaintiff because of his disabilities and his repeated complaints and requests for reasonable accommodations.

57.   There was no wrongdoing by or complaint against Plaintiff, and there were no performance issues that would require Human Resources to investigate making it crystal clear that this "HR investigation" is an attempt to discriminate and retaliate against Plaintiff.

58.   On or about June 1, 2021, Mr. Pomponio called Plaintiff to question him about keys that he had returned. Plaintiff clarified he did not turn in his own keys but returned the General Manager's keys.

59.   In the same conversation, Mr. Pomponio told Plaintiff that Defendants were investigating an incident on May 29, 2021 and looking at camera footage from that day.

60.    When Plaintiff asked why the other employee, who was not suffering from a disability and did not require a reasonable accommodation, left and was allowed to return to work while he was not, Mr. Pomponio refused to answer the question and told Plaintiff that he should have an answer "by Wednesday night."

61.    However, on Wednesday, June 2, 2021, Plaintiff did not receive a response as to why he was not able to return to work, and until today is yet to receive such a response.

62.    On June 10, 2021, approximately two months after first requesting a reasonable accommodation, Mr. Pomponio emailed Plaintiff a reasonable accommodation form.

63.    On June 11, 2021, Plaintiff completed the form, detailing his medical conditions and limitations, and attached medical records that supported his request and faxed the paperwork to Defendants.

64.    Defendants denied Plaintiff's request for reasonable accommodation for no rational or business related reason and instead told him to apply for short term disability.

65.    On June 22, 2021, Plaintiff received a call from Mr. Pomponio who told him that the store was short staffed and needed him to work full duty, without a reasonable accommodation, starting June 23, 2021.

66.    In order to persuade Plaintiff to return to work without a reasonable accommodation, the District Manager informed Plaintiff that he could return to work pending a decision to his accommodation request.

67.    The District Manager also told Plaintiff that "HR may accommodate you, they may not – you may want to think about resigning."

68.    Feeling pressured and due to financial hardship because he had been out of work for almost a month, Plaintiff agreed to return to work without receiving a response to his reasonable

accommodation request.

69.    On July 30, 2021, after convincing Plaintiff to return to work prematurely, his request for a reasonable accommodation was denied.

70.    On March 21, 2022, Defendants also demoted Plaintiff to Customer Service Representative and reduced his hours and his pay rate.

71.    In or around December 2021, Defendants hired a new Store Manager Moduls a/k/a "Mo" (last name unknown) who is Muslim.

72.    Since his hiring, he has openly shown preferential treatment toward Muslim employees to the detriment of non-Muslim employees.

73.    For example, starting in 2022, Plaintiff was either forced to work on his Sabbath days or received constant work related phone calls during his Sabbath, while no one was allowed to disturb Muslim employees during their time off as ordered by Moduls.

74.    In contrast, Muslim employees, such as Moduls were allowed to take time off for prayer and Muslim Holidays, and non-Muslim employees such as Plaintiff were expected to work much harder to fill in any gaps in staffing and shifts during those times.

75.    In fact, Plaintiff and other non-Muslim employees were discouraged and sometimes prohibited from taking time off during Muslim Holidays in order to accommodate Moduls and the other Muslim employees.

76.    In addition, Store Manager Moduls prohibited Plaintiff, who was the Assistant Store Manager at that time, from writing up or issuing a reprimand to Muslim employees without getting clearance from Moduls, while such clearance was not required to write-up or reprimand non-Muslim employees.

77.    Also, non-Muslim employees such as Plaintiff were not allowed to eat pork during

their lunch break because Store Manager Moduls, who is Muslim, prohibited it.

78.   On numerous occasions stating from in or about January 2022, Moduls told Plaintiff that Muslim Africans are "superior" and "better" than non-Muslim African Americans.

79.   Plaintiff complained to Ms. Greer Morris from Human Resources several times between January 2022 and April 2022 to no avail.

80.   Plaintiff also complained to District Manager Mr. Pomponio about these events of discrimination, but no remedial action was taken.

81.   Defendants ignored Plaintiff's complaints and failed and/or refused to take any remedial action.

82.   It is thus obvious and without any doubt that Defendants' actions are discriminatory, harassing and retaliatory in nature against Plaintiff.

83.   Plaintiff was continuously subjected to harassment and discrimination due to his disabilities and reasonable accommodation requests, as well as based on his religion, causing him to suffer from severe emotional distress.

84.   In addition, despite his repeated requests for reasonable accommodations, Defendants refused and/or failed to accommodate Plaintiff.

85.   Due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered and continues to suffer financially and from severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Discrimination based on Disability in Violation of
### ADA 42 U.S.C. § 12101, *et seq*. against
### Defendant Family Dollar

86.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

11

87.   Defendants violated ADA, 42 U.S.C. § 12101, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's disabilities were the motivating, if not the only factor.

88.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

89.   As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

90.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SECOND CAUSE OF ACTION
### Discrimination Based on Disability in Violation of the
### Executive Law § 296, *et seq*. against All Defendants

91.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

92.   Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's disabilities were the motivating, if not the only factor.

93.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

94.   As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

95.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A THIRD CAUSE OF ACTION
**Discrimination Based on Disability in Violation of the
Administrative Code § 8-107, *et seq*. against All Defendants**

96.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

97.   Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's disabilities were the motivating, if not the only factor.

98.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

99.   As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

100. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Retaliation in Violation of ADA, 42 U.S.C. § 12101, *et seq*.
against Defendant Family Dollar**

101. Plaintiff repeats and re-alleges each and every allegation contained herein above with

13

the same force and effect as if fully stated hereat.

102. Defendants violated the ADA, 42 U.S.C. § 12101, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

103. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

104. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

105. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Retaliation in Violation of the Executive Law § 296, *et seq.*
against All Defendants**

106. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

107. Defendants violated Executive Law §296, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

108. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional

distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

109.  As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

110. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the Administrative Code § 8-107, *et seq*.**
**against All Defendants**

111.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

112. Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

113. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

114. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

115. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of
ADA, 42 U.S.C. § 12101, *et seq*. against
Defendant Family Dollar**

116.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

117.  Defendants violated the ADA, 42 U.S.C. § 12101, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations, to fail to offer a reasonable accommodation, and/or to fail to continue providing Plaintiff with a reasonable accommodation.

118.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

119.  As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

120.  Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the
Executive Law § 296, *et seq*. against All Defendants**

121.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

122.  Defendants violated the Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations, to fail to offer a reasonable accommodation, and/or to fail to continue providing

16

Plaintiff with a reasonable accommodation.

123. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

124. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

125. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Failure to Provide a Reasonable Accommodation in Violation of the**
**Administrative Code § 8-107, *et seq*. against All Defendants**

126. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

127. Defendants violated the Administrative Code § 8-107, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making managers and employees to deny Plaintiff reasonable accommodations, to fail to offer a reasonable accommodation, and/or to fail to continue providing Plaintiff with a reasonable accommodation.

128. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

129. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

130. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A TENTH CAUSE OF ACTION
### Discrimination based on Religion in Violation of
### Executive Law §§ 296, *et seq*. against All Defendants

131. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

132. Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's religion (i.e., non-Muslim) was the motivating, if not the only factor.

133. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

134. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

135. As a result of Defendants' aforementioned conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Discrimination based on Religion in Violation of
### Administrative Code §§ 8-101, *et seq*. against All Defendants

136. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

137. Defendants violated Administrative Code §§ 8-101, *et seq*. by engaging in,

18

perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's religion (i.e., non-Muslim) was the motivating, if not the only factor.

138. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

139. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

140. As a result of Defendants' aforementioned conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**Promoting a Hostile Work Environment in Violation of**
**ADA, 42 U.S.C. § 12101, *et seq*. against Defendant Family Dollar**

141. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

142. In violation of ADA, 42 U.S.C. § 12101, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

143. As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants' violations of ADA, 42 U.S.C. § 12101, *et seq*.

144. Plaintiff continues to suffer and to incur additional damages by reason of the

foregoing.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### Promoting a Hostile Work Environment in Violation of the
### Executive Law §§ 296, *et seq*. against All Defendants

145.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

146. In violation of Executive Law §§ 296, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

147.  As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Executive Law §§ 296, *et seq*.

148. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### Promoting a Hostile Work Environment in Violation of the
### Administrative Code §§ 8-101, *et seq*. against All Defendants

149.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

150.  In violation of Administrative Code §§ 8-101, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

151.  As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues

to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Administrative Code §§ 8-101, *et seq*.

152. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

153. As a result of Defendants' aforementioned conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henry Blackmon, respectfully demands the following relief:

A.     award Plaintiff full compensation damages under the ADA, the Executive Law, and the Administrative Code;

B.     award full liquidated and punitive damages as allowed under the ADA, the Executive Law, and the Administrative Code;

C.     award pre-judgment and post-judgment interests;

D.     award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

E.     award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

F.     award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

G.      such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        March 8, 2023

                        Respectfully Submitted,

                        LAW OFFICES OF RUDY A. DERMESROPIAN, LLC


                        By: ____/s/ Rudy A. Dermesropian_____
                            Rudy A. Dermesropian (RD 8117)
                            810 Seventh Avenue, Suite 405
                            New York, NY 10019
                            Telephone: (646) 586-9030
                            Fax: (646) 586-9005

                            *Attorneys for Plaintiff*
                            *Henry Blackmon*

Exhibit A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Henry Blackmon**
    **1316 Boston Rd. Apt. 2C**
    **Bronx, NY 10456**

From: **New York District Office**
      **33 Whitehall St, 5th Floor**
      **New York, NY 10004**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2022-06331** | **Silvia Deng-Batista,** **Federal Investigator** | **9295065271** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
01/06/2023

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc:   **Tyra Spencer**
      **Family Dollar Stores**
      **P.O. Box 1017**
      **Charlotte, NC 28201**

      **Rudy A Dermesropian**
      **Law Office of Rudy A. Dermesropian, LLC**
      **810 Seventh Avenue Suite 405**
      **New York, NY 10019**